UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICK BOWDEN, | ) | |
| | ) | |
| Plaintiff, | ) | No.: |
| | ) | |
| vs. | ) | Judge: |
| | ) | Magistrate Judge: |
| CITY OF CHICAGO, ROBERT RIMSKY, | ) | |
| BRIAN SCHNIER, and NICHOLAS BOYLE, | ) | |
| | ) | JURY DEMAND |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

## Parties

4. Plaintiff Patrick Bowden is a resident of Chicago, Illinois.

5. Defendant Chicago Police Officers Robert Rimsky (Star 4583), Nicholas Boyle (Star #4119), and Brian Schnier (Star 1273) ("Defendant-Officers") are all duly appointed and sworn Chicago police officers.

6. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. Defendant City of Chicago is a municipal corporation, duly incorporated under

1

the laws of the State of Illinois and is the employer and principal of the Defendant-Officers.

## Facts

9. On February 9, 2018, Defendant-Officers Rimsky, Boyle, and Schnier were on patrol in the area of 707 S. St. Louis Ave in Chicago, Illinois.

10. Plaintiff Patrick Bowden was walking to a friend's house in that same location.

11. At or around 2:00pm, Rimsky, Boyle, and Schnier initiated a street stop of Plaintiff at or near 707 S. St. Louis Ave.

12. Without legal justification, Rimsky grabbed Plaintiff and immediately tackled him to the ground, pulled Plaintiff's arms behind his back, and handcuffed him with the assistance of Schnier.

13. Prior to stopping Plaintiff, neither Rimsky, Boyle nor Schnier had observed Plaintiff engaging in any illegal activity nor did they have probable cause, reasonable suspicion, or any other lawful basis to stop, detain, or arrest the Plaintiff.

14. In their police reports, Boyle, Rimsky and Schnier falsely claimed that Plaintiff was concealing an object in his waistband as officers approached him.

15. In their police reports, Defendant-Officers falsely claimed that, while Defendant-Officers were tackling and restraining Plaintiff, Plaintiff removed a gun from his waistband and tossed it across and down the street.

16. Defendant-Officer Boyle eventually produced a gun from a different area, a significant distance away from where Rimsky and Schnier tackled Plaintiff. All three Defendant-Officers falsely claimed that this gun was possessed by the Plaintiff.

17. Plaintiff was transported to the police station. There, Defendant-Officers falsely charged Plaintiff with unlawful use or possession of a weapon, aggravated unlawful use of a weapon, and possession of a firearm with a defaced serial number.

18. In their police reports, Defendant-Officers falsely claimed that Plaintiff made inculpatory statements when questioned about the gun.

19. In order to substantiate the weapons charge against Plaintiff, Defendant-Officers falsely alleged, and wrote in police reports, that Plaintiff was in possession of a firearm and threw it while he was being tackled and restrained by officers.

20. Defendant-Officers additionally made false statements to the State's Attorney and before the Grand Jury indicating that they saw Plaintiff in possession of the firearm.

21. Based on those false statements made in police reports and conveyed by the Defendant-Officers to the State's Attorney, Plaintiff was indicted in a seven-count felony indictment with two charges of Possession of a Firearm, four counts of Aggravated Unlawful Use of a Weapon, and one count of Possession of a Firearm with a Defaced Serial Number, which carried the potential for significant time in prison.

22. Plaintiff's criminal case was docketed as <u>People v. Patrick Bowden</u>, 18 CR 3302 in the Circuit Court of Cook County.

23. Throughout the duration of Plaintiff's criminal proceedings, Defendant-Officers took steps to continue his criminal prosecution, including, but not limited to: drafting false police reports, testifying falsely before the grand jury, appearing in court, testifying falsely in a motion to suppress hearing, and giving false information to the State's Attorney's Office.

24. In October 2019, Plaintiff filed a motion to suppress evidence and quash arrest. That motion was granted, with Plaintiff and Defendant-Officer Boyle testifying at the motion hearing. Cook County Circuit Court Judge Steven Watkins, in granting Plaintiff's motion, found that Plaintiff's testimony of what happened was credible, and that Defendant-Officer Boyle's testimony about the gun was not credible.

25. On November 20, 2019, over a year and a half after his arrest, Plaintiff's criminal case was dismissed in a manner indicative of his innocence and Plaintiff was released from the conditions of his bond.

26. During his entire criminal prosecution, Plaintiff was detained. At times he was detained in correctional facility, at other times he was detained on electronic home monitoring and on bond with curfew, all involving significant restrictions of liberty and movement.

27. As a direct and proximate result of the acts of the Defendants described above, Plaintiff was detained and prosecuted for a crime he did not commit and faced numerous other emotional and financial consequences including but not limited to: physical pain and suffering and emotional distress.

28. Each individual Defendant-Officer personally participated in the unlawful conduct, and/or acted jointly and in concert with the other Defendants who participated or acquiesced in the unlawful conduct, or failed to intervene to stop the unlawful conduct.

## COUNT I
### (42 U.S.C. §1983 – False Arrest)

29. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

30. Defendant-Officers arrested Plaintiff and/or failed to intervene to stop the false arrest of Plaintiff despite having the opportunity to do so.

31. Defendant-Officers did not have probable cause or any other legal justification to

4

arrest Plaintiff.

32. The arrest of Plaintiff without probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. §1983 - Fourth Amendment Unlawful Detention)

33. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

34. Some or all of the Defendant-Officers, knowing that probable cause did not exist, acted individually, jointly, and/or in conspiracy, to cause Plaintiff to be arrested, detained and prosecuted for serious felony weapons charges knowing that Plaintiff was being seized and detained without probable cause for those charges, thereby violating Plaintiff's right to be free from unreasonable seizures guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

35. During his entire criminal prosecution, Plaintiff was detained. At times he was detained in correctional facility, at other times he was detained on electronic home monitoring or on bond with curfew, at all times with significant restrictions of liberty and movement. Even when on bond, Plaintiff's freedom of movement was restricted, he had conditions of bond that he was required to comply with or face arrest, including a strict curfew, his appearance was compelled at court dates, and he was under the control of the Cook County court system.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Malicious Prosecution)

36. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

37. Some or all of the Defendant-Officers commenced and/or continued false felony criminal charges against Plaintiff.

38. Defendant-Officers did so with malice.

39. There was no probable cause for such charges.

40. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Claim for Indemnification pursuant to 745 ILCS 10/9-102)

41. The acts of the Defendant-Officers described above were willful and wanton, and committed in the scope of employment.

42. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

### COUNT V
### (State law claim for *Respondeat Superior*)

43. The acts of the Defendant-Officers, as described above, were committed in the scope of employment.

44. As principal and employer, Defendant City of Chicago is liable for its agents' actions under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff asks that this Honorable Court find Defendant City of Chicago liable for the actions of Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands a trial by jury on all claims.**

Respectfully submitted,

/s/ Sara Garber
*Counsel for Plaintiff*

Sara Garber
Thedford Garber Law
53 West Jackson Blvd., Suite 638
Chicago, Illinois 60604
O: 312-614-0866
sara@thedfordgarberlaw.com